IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No. 23-105 |
| | ) | |
| | ) | |
| LEXJET, LLC, | ) | |
| ABAQA, LLC, | ) | |
| BRAND MANAGEMENT GROUP, LLC, | ) | |
| S-ONE, NEVADA, LLC, and | ) | |
| S-ONE HOLDINGS CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

# COMPLAINT

The United States, through its undersigned attorneys, brings this action against defendants Lexjet, LLC; Abaqa, LLC; Brand Management Group, LLC; S-One, Nevada, LLC; and S-One Holdings Corporation, and alleges the following:

**1.** This is an action to recover unpaid customs duties and to enforce monetary civil penalties pursuant to 19 U.S.C. § 1592.

**2.** This Court possesses exclusive jurisdiction over this matter pursuant to 28 U.S.C. § 1582.

**3.** Lexjet, LLC was incorporated in Florida on or about September 16, 2013, and lists a principal place of business of 1605 Main Street, Suite 300, Sarasota, Florida 34236. Lexjet purports to manufacture, market and sell inkjet printing equipment, materials, and supplies.

**4.** Abaqa, LLC was incorporated in Florida on or about September 16, 2013, and lists a principal place of business of 1605 Main Street, Suite 300, Sarasota, Florida 34236. Abaqa purports to specialize "in the global manufacturing and supply of specialty and consumable inkjet media, laminates, and other major components of digital color output."

5. Brand Management Group, LLC (BMG) was incorporated in Florida on or about October 25, 2011, and lists a principal place of business of 1605 Main Street, Suite 300, Sarasota, Florida 34236. BMG purports to specialize "in research, development, marketing and supply chain management," and lists products such as HP and Kodak as among its "brand partners."

6. S-One Holdings Corporation was incorporated in Florida on or about December 3, 2012, and lists a principal place of business of 1605 Main Street, Suite 300, Sarasota, Florida 34236. It describes itself as "a global holding company headquartered in Sarasota, Florida that oversees a number of companies," including Lexjet, Abaqa and BMG. It owns a majority of S-One Nevada. S-One Holdings claims that, "[t]hrough its subsidiary companies, S-One is the exclusive licensee for Fredrix wide-format inkjet canvas, HP Large Format Printing Materials, KODAK Wide-Format Inkjet Media, and Kodak Professional Inkjet Media.

7. S-One Nevada, LLC was incorporated in Florida on or about January 10, 2014, and lists a principal place of business of 1605 Main Street, Suite 300, Sarasota, Florida 34236. S-One Nevada is the parent company of Lexjet, Abaqa, and BMG.

8. Lexjet, Abaqa, BMG, S-One Nevada, and S-One Holdings were operated by common individuals, from the same business address, and in coordination with one another. Because these companies operated in coordination with one another, unless otherwise specified, this complaint refers to these companies together as the Subject Companies.

9. During the period from on or about May 20, 2014, through on or about November 10, 2017, Lexjet, Abaqa and BMG, operating in concert with or under the direction of agents of S-One Nevada and S-One Holdings, caused to be entered or introduced (or attempted to enter or introduce) into the commerce of the United States 167 entries ("subject entries" that are

identified in Exhibit A to this complaint) of artists' canvas manufactured in People's Republic of China (PRC).

10. The artists' canvases covered by the subject entries were entered or introduced into the commerce of the United States by means of material false statements, acts, or omissions that misclassified the merchandise and resulted in the evasion of antidumping duties (ADD) on artists' canvases imported from the PRC.

11. On March 30, 2006, the Department of Commerce (Commerce) published its final determination on antidumping duty case number A-570-899 (ADD Order) for artist/inkjet/print/printable canvas (artists' canvas) imported from PRC. Commerce assessed antidumping duties (ADD) in the amount of 264.09% *ad valorem* on artists' canvas imported from PRC. 71 Fed. Reg. 16116 (Mar. 30, 2006) (the "all others" rate).

12. On July 6, 2006, Commerce issued instructions to CBP to continue to assess and collect an "all others" cash deposit rate of 264.09% for artists' canvas imported from PRC. The ADD Order stated that, "[w]hile the HTSUS subheadings are for convenience and customs purposes, our written description of the scope of this proceeding is dispositive." 71 Fed. Reg. 31154, 31155 (June 1, 2006).

13. Over the next nine years, Commerce updated the list of applicable HTSUS classifications applicable to the ADD Order. On or about July 13, 2015, Commerce issued a final scope ruling determination that print canvas was within the scope of antidumping case number A-570-899 (*i.e.*, the ADD Order), since "print canvas is manufactured in the same manner as other subject artist canvas using the same materials." Commerce also stated that the "bulk rolls of canvas to be used as print canvas are coated as specified in the scope language of the [ADD Order] . . . and 'printable canvases' are specifically cited in the scope language of the Order as an example of the subject merchandise.'" Throughout this complaint, the term "artists'

canvas" refers to the merchandise identified by Commerce to fall within the scope of the ADD Order.

14. In connection with the subject entries, the Subject Companies falsely declared, or caused to be falsely declared, that entries of artists' canvases were "Type 01" entries, which were not subject to the ADD Order on artists' canvas manufactured in PRC. The Subject Companies also falsely omitted from entry documentation, or caused to be falsely omitted from entry documentation, the fact that entries of artists' canvases were subject to the ADD Order on artists' canvas manufactured in PRC. The Subject Companies also falsely misclassified artist canvas as other merchandise subject to lower duty rates.

15. The false statements and omissions referenced in paragraph 14 above were material in that they had the potential to, and did, impact CBP's determinations regarding the amount of duty owed on the subject entries, and resulted in an actual and potential duty loss of approximately $5,528,933.14.

16. The Subject Companies' material false statements referenced in paragraph 14 above resulted from their failure to exercise reasonable care and competence to ensure that statements made and information provided in connection with the importation of merchandise were complete and accurate. As early as January 2005, agents of the Subject Companies had imported, or caused to be imported, artists' canvases through other companies, and, upon information and belief, by 2015, the Subject Companies and their agents were knowledgeable about the importation of artists' canvas and related merchandise, including CBP's rules and regulations relating to the proper classification of merchandise and the ADD Order on artists' canvas manufactured in the PRC.

17. In connection with the subject entries, the Subject Companies did not exercise reasonable care, in that they did not seek clarification or guidance from CBP or their customs brokers when causing these entries to be imported, did not advise CBP or their customs brokers

that they were importing merchandise that was possibly subject to an ADD order, and/or otherwise did not take reasonable measures to ensure that the merchandise they imported was correctly described and classified.

18. On or about April 14, 2023, CBP issued pre-penalty notices to the Subject Companies. In the pre-penalty notices, CBP notified the Subject Companies that CBP proposed a monetary penalty in the amount of $11,057,866.28, based upon two-times the total loss of revenue.

19. On or about April 25, 2023, the Subject Companies responded to the pre-penalty notices, claiming, among other things, that the false statements were caused by "a reputable, highly experienced Customs broker that failed to flag the antidumping duties at time of entry," and "specifically advised the Companies that antidumping duties were not applicable."

20. On or about April 27, 2023, CBP responded to the Subject Companies' response to the pre-penalty notice and attached a penalty notice demanding (1) payment of the $11,057,866.28 negligence penalty and (2) payment of duties owed in the amount of $4,780,441.46.[1] CBP noted that it did not find any information presented in the response that would warrant the cancellation or reduction in penalty amount for the violations outlined in the pre-penalty notice.

21. CBP has exhausted all administrative remedies and the Subject Companies have not paid the remaining duties owed or any part of the negligence penalty.

## COUNT I

22. The allegations contained in paragraphs 1 through 21 are restated and incorporated by reference.

---

[1] The Subject Companies had previously made a partial payment of $748,491.68 of the duties owed.

23. The acts described in paragraphs 8 through 17 were committed, and knowingly aided and abetted, by Lexjet, Abaqa, BMG, S-One Nevada, and S-One Holdings, or by agents acting on these companies' behalf, resulting in the negligent misclassification of artists' canvas in violation of 19 U.S.C. § 1592(a)(1)(A) & (B).

24. By reason of these negligent violations, pursuant to 19 U.S.C. § 1592(c)(3), Lexjet, Abaqa, BMG, S-One Nevada, and S-One Holdings Corporation are jointly and severally liable to the United States for a penalty in the amount of $11,057,866.28, plus interest as provided by law. The $11,057,866.28 penalty is equal to two times the loss of duties, taxes, and fees for the entries listed in Exhibit A, of which the United States was deprived or potentially deprived, and is less than the domestic value of the subject entries.

## COUNT II

25. The allegations contained in paragraphs 1 through 21 are restated and incorporated by reference.

26. Pursuant to 19 U.S.C. § 1592(d), the United States is entitled to the restoration of lawful duties, taxes, and fees lost as a result of a violation of 19 U.S.C. § 1592(a), regardless of whether a penalty is imposed.

27. As a result of the Subject Companies' negligent violations of 19 U.S.C. § 1592(a), described in paragraphs 8 through 17 above, the Subject Companies are jointly and severally liable to the United States in the amount of $4,780,441.46 for lawful duties, taxes, and/or fees of which the United States has been deprived, plus pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, the United States respectfully requests that the Court:

**(A)** enter judgment for the United States in the amount of $11,057,866.28, plus post-judgment interest, costs, and such other relief as may be just and appropriate, against Lexjet, LLC, Abaqa, LLC, Brand Management Group, LLC, S-One, Nevada, LLC, and S-One Holdings Corporation, jointly and severally, for violations of 19 U.S.C. § 1592(a) at a culpability level of negligence.

**(B)** enter judgment for the United States in the amount of $4,780,441,46, plus pre-judgment and post-judgment interest, costs, and such other relief as may be just and appropriate, against Lexjet, LLC; Abaqa, LLC; Brand Management Group, LLC; S-One, Nevada, LLC; and S-One Holdings Corporation, jointly and severally, pursuant to 19 U.S.C. 1592(d).

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

FRANKLIN E. WHITE, JR.
Assistant Director

*/s/ William Kanellis*
WILLIAM KANELLIS
ASHLEY AKERS
Trial Attorneys

OF COUNSEL:
BAYLEIGH PETTIGREW
Attorney
U.S. Customs and Border Protection
Office of the Associate Chief Counsel
One World Trade Center, Suite 1200
Long Beach, CA 90831

U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, NW, Suite 10000
Washington, D.C. 20009
202 532 5749

*Attorneys for Plaintiff*

May 15, 2023