THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JUDGE THOMAS J. AQUILINO, JR.

| | |
|---|---|
| UNITED STATES,                                   )<br>                                                  )<br>            Plaintiff,                           )<br>                                                  )<br>        v.                                       )<br>LEXJET, LLC,                                      )<br>ABAQA, LLC,                                       )<br>BRAND MANAGEMENT GROUP, LLC,  )<br>S-ONE, NEVADA, LLC, and                           )<br>S-ONE HOLDINGS CORPORATION,                       )<br>                                                  )<br>            Defendants.                          )<br>                                                  ) | Court No. 23-cv-00105 |

# ANSWERS, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND DEMAND FOR JURY TRIAL

Defendants, Lexjet, LLC, Abaqa, LLC, Brand Management Group, LLC, S-One, Nevada, LLC, and S-One Holdings Corporation, by their undersigned attorney, answers Plaintiff's Complaint as follows:

1.      Denies the allegations contained in Paragraph 1 of the Complaint, except admits that Plaintiff seeks duties and penalties allegedly owed.

2.      S-One, Nevada, LLC and S-One Holdings Corporation deny the allegations contained in Paragraph 2 of the Complaint where the action is barred by the statute of limitations from expiring before the complaint was filed. Lexjet, LLC, Abaqa, LLC, Brand Management Group, LLC admit allegations in Paragraph 2.

3. Lexjet, LLC denies the allegation in Paragraph 3 where its principal place of business is 4728 South Tamiami Trail, Sarasota, Florida 34231. Admits the other allegations contained in Paragraph 3 of the Complaint.

4. Abaqa, LLC denies the allegation in Paragraph 4 where its principal place of business is 4728 South Tamiami Trail, Sarasota, Florida 34231. Admits the other allegations contained in Paragraph 4 of the Complaint.

5. Brand Management Group, LLC denies the allegation in Paragraph 5 where its principal place of business is 4728 South Tamiami Trail, Sarasota, Florida 34231. Admits the other allegations contained in Paragraph 5 of the Complaint.

6. S-One Holdings Corporation denies the allegation in Paragraph 6 where its principal place of business is 4728 South Tamiami Trail, Sarasota, Florida 34231. Admits the other allegations contained in Paragraph 6 of the Complaint, except where the action is barred by the statute of limitations from expiring before the complaint was filed.

7. S-One Nevada, LLC denies the allegation in Paragraph 7 where its principal place of business is 4728 South Tamiami Trail, Sarasota, Florida 34231. Admits the other allegations contained in Paragraph 7 of the Complaint, except where the action is barred by the statute of limitations from expiring before the complaint was filed.

8. Admits the allegations contained in Paragraph 8 of the Complaint, except throughout the complaint, the term "Subject Companies" is denied for S-One Nevada, LLC, and S-One Holdings Corporation where the action is barred by the statute of limitations from expiring before the complaint was filed and except that Lexjet, LLC, Abaqa, LLC, Brand Management Group, LLC operated as separate legal entities and not in coordination as alleged.

9. Admits the allegations contained in Paragraph 9 of the Complaint, except for S-One Nevada, LLC, and S-One Holdings Corporation where the action is barred by the statute of limitations from expiring before the complaint was filed and except that Lexjet, LLC, Abaqa, LLC, and Brand Management Group, LLC operated in concert with or under the direction of agents of S-One Nevada and S-One Holdings, and Paragraph 9 of the Complaint states a legal conclusion as to "artists' canvas" to which no response is required. To the extent a response is required, Defendants deny the allegation in this paragraph.

10. Paragraph 10 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

11. Admits the allegations contained in Paragraph 11 of the Complaint.

12. Admits the allegations contained in Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

14. Paragraph 14 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

15. Paragraph 15 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

16. Paragraph 16 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

17. Paragraph 17 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

18. Admits the allegations contained in Paragraph 18 of the Complaint.

19. Admits the allegations contained in Paragraph 19 of the Complaint.

20. Admits the allegations contained in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

## COUNT 1

22. Denies the allegations contained in Paragraph 22 of the Complaint.

23. Paragraph 23 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

24. Paragraph 24 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

## COUNT 2

25. Denies the allegations contained in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

27. Paragraph 27 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim against Defendants upon which relief can be granted.

2. Plaintiff's complaint and all purported causes of action therein are vague, ambiguous, and uncertain.

4. The claims for duties and penalties are barred in whole or in part by the statute of limitations, including 19 U.S.C. § 1621.

5. Plaintiff's delays in bringing its administrative process, its pre-penalty and penalty notices sent in rapid fire succession, its lack of disclosure with all material facts, and its delay in bringing the instant litigation has prejudiced Defendants' abilities to raise defenses to the claims set forth in Plaintiff's pre-penalty and penalty notices and Plantiff's Complaint, thereby violating Defendants' rights to due process under the United States Constitution.

6. Plaintiff has failed to exhaust its administrative remedies.

7. No final determination has been made with respect to the Defendants' alleged violations of Customs laws or potentially for a penalty or duties under 19 U.S.C. § 1592(a).

8. Plaintiff's claim is premature, not ripe of adjudication and should be dismissed.

9. Plaintiff failed to remit or mitigate damages with its administrative process.

10. Defendants are not jointly and severally liable because Defendants operate as separate legal entities and there was no aiding and abetting by the parties.

11. A changed circumstances review pursuant to 19 U.S.C. § 1675(b), 19 C.F.R. § 351.216, and 19 C.F.R. § 351.221 will demonstrate that Defendants' coated fabrics are otherwise not under the scope of the *Order*.

## COUNTERCLAIMS

28. Comes now Defendants, Lexjet, LLC, Abaqa, LLC, Brand Management Group, LLC, S-One, Nevada, LLC, and S-One Holdings Corporation, by and through its undersigned counsel, and makes these counterclaims against the United States, as follows.

## JURISDICTION

29. This Court has jurisdiction over the action, and this action is properly brought in this Court, pursuant to 28 U.S.C. § 1583 and Rule 13 of the Rules of the U.S. Court of International Trade.

## GENERAL ALLEGATIONS

30. The claims below relate to the antidumping duty order on artist canvas from China. *See Notice of Antidumping Duty Order: Certain Artist Canvas from the People's Republic of China*, 71 FR 31154 (June 1, 2006) ("*Order*"). Defendants assert that the *Order* is void for vagueness and unconstitutional, that the U.S. Department of Commerce ("Commerce") unlawfully expanded the scope of the *Order*, and Defendants' coated fabrics

fall outside the scope of the *Order* (i.e., the product is expressly not covered by the plain language of the scope of the order).

31.  The claims in Paragraph 30 are same as pending ongoing litigation of issues that are central to the court's decision in *Printing Textiles, LLC v. United States*, 23-00192, Slip Op. 24-110 (Ct. Int'l Trade Oct 08, 2024), appeal pending, Appeal No. 25-1213.

## FIRST CAUSE OF ACTION

32.     Paragraphs 28 through 31 are adopted and incorporated herein by reference.

33.     The *Order* is void for vagueness and unconstitutional.

34.     The *Order* defines "[p]riming/coating includes the application of a solution" Specifically, it states that "designed to promote the adherence of artist materials" according to its function. However, neither Petitioner, nor the agencies discussed/defined the meaning of "adherence" as it pertains to the scope of the *Order* during the investigation leading up to the *Order*. Nevertheless, U.S. Customs and Border Protection ("CBP") and Commerce must give effect to this sentence, which states an essential physical characteristic of the articles included within the scope and specifies the purpose for which the priming/coating must be designed. However, CBP tested none of the Defendants' merchandise for a "priming/coating that promote(s) the adherence of artist materials". Moreover, Commerce has failed to give effect to the purpose and essential physical characteristic of the priming/coating in past scope rulings. Failures to address this point, coupled with interpretation of "adherence" as "arbitrary, capricious, or an abuse of discretion", renders agency decisions unsupported by substantial evidence and/or is otherwise not in accordance with law.

35. In its efforts to avoid a nullity in the language of the *Order*, Commerce has instead created totally new physical characteristics requirements in which every conceivable coated fabric is within the scope of the *Order*. Commerce also added purpose requirements such as graphical, uniform surface, allow for acceptance, aid application, etc. The record is clear with Commerce's unlawful shifting interpretations of the scope language. Concerning the priming/coating, Commerce regularly interchanged adherence with receptive/receptivity terms.

36. Equipment to produce objective testing is unavailable to CBP and Commerce. Neither CBP nor Commerce tests coated fabrics for the "promote the adherence" requirement but yet enforced the *Order*.

37. CBP enforced the *Order* without providing a fair warning to Defendants. CBP's failure to address this point renders its scope determination as unsupported.

38. The *Order* is unenforceable and unlawful as such and thus a violation of Defendants' XIV Amendment due process rights.

## SECOND CAUSE OF ACTION

39. Paragraphs 28 through 38 are adopted and incorporated herein by reference.

40. Commerce has unlawfully expanded the scope of the *Order* causing the *Order* to also be void for vagueness.

41. Commerce's endless interpretation shifts in its scope rulings created totally new physical characteristics/purpose requirements with its scope creep leading to an unlawful expansion of the *Order*. CBP and Commerce enforced the *Order* without providing a fair warning to Defendants. These shifts have resulted in absurd results.

42. The *Order* is unenforceable and unlawful as such and thus a violation of Plaintiff's XIV Amendment due process rights.

### THIRD CAUSE OF ACTION

43. Paragraphs 28 through 42 are adopted and incorporated herein by reference.

44. CBP's decision to include Defendants' coated fabric in the *Order* is unsupported and is otherwise not in accordance with law.

45. CBP did not consider the essential physical characteristic, i.e., "priming/coating includes the application of a solution, designed to promote the adherence of artist materials in its decision". Instead, CBP relied on product descriptions, that only texted whether the fabric was coated. CBP's rationale is arbitrary, capricious, or an abuse of discretion.

46. Defendants' coated fabric is clearly not designed to designed to promote the adherence of artist materials.

### FOURTH CAUSE OF ACTION

47. Paragraphs 28 through 46 are adopted and incorporated herein by reference.

48. Dependent on a decision in the *Printing Textiles* case on appeal, the Court should cause Plaintiff to refund, with interest, payments made by Lexjet, LLC, Abaqa, LLC, and Brand Management Group, LLC of $748,491.68 for an equitable recoupment of overpayments.

### **DEMAND FOR JURY TRIAL**

Defendants demand trial by jury on all issue so triable.

**WHEREFORE**, Defendants pray that:

1. The Court enter judgment in its favor against Plaintiff, dismissing the Complaint against Defendants;

2. Holding unlawful Plaintiff's demand for duties and penalties;

3. To the extent that Plaintiff was damaged, any violation occurred despite Defendant's good faith effort to comply with U.S. customs laws;

5. For attorney's fees, costs, and expenses incurred in defending this cause of action;

6. Refunding duties overpaid to U.S. Customs together with lawful interest as provided by law; and

7. Such other relief as the Court deems just and proper.

Respectfully submitted,
 /s/ Kyl J. Kirby
Kyl J. Kirby
**KYL J. KIRBY, ATTORNEY AND COUNSELOR AT LAW, P.C.**
1400 Lipscomb Street
Fort Worth, TX 76104
Tel: (214) 632-0841
Attorney for Defendants LEXJET, LLC, ABAQA, LLC, BRAND MANAGEMENT GROUP, LLC, S-ONE, NEVADA, LLC, and S-ONE HOLDINGS CORPORATION

Date: August 19, 2025