IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE CLAIRE R. KELLY, JUDGE
_____
                                                                      :
UNITED STATES,                                          :
                                                                      :
                          Plaintiff,                          :
                                                                      :
                    v.                                            :        Court No. 23-105
                                                                      :
LEXJET, LLC, ABAQA, LLC,                       :
BRAND MANAGEMENT GROUP, LLC,    :
S-ONE, NEVADA, LLC, and                         :
S-ONE HOLDINGS CORPORATION,         :
                                                                      :
                          Defendants.                     :
_____:

**ORDER**

Upon consideration of plaintiff's motion to dismiss defendants' counterclaims, it is hereby

**ORDERED** that the motion is granted.

  **SO ORDERED.**


Dated:_____                                      _____
          New York, New York                                                            JUDGE

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

_____

|  |  |  |
|---|---|---|
| UNITED STATES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LEXJET, LLC, ABAQA, LLC, | : | Court No. 23-00105 |
| BRAND MANAGEMENT GROUP, LLC, | : | |
| S-ONE, NEVADA, LLC, and | : | |
| S-ONE HOLDINGS CORPORATION, | : | |
| | : | |
| Defendants. | : | |

_____:

**PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS**

Pursuant to Rules 7(b), 12(b)(1), and 12(b)(6) of the Rules of the United States Court of International Trade (USCIT R.), plaintiff, the United States, respectfully moves to dismiss the counterclaims asserted by defendants Lexjet, LLC, Abaq, LLC, Brand Management Group, LLC, S-One, Nevada, LLC, and S-One Holdings Corporation (collectively, defendants). As explained more fully below, because defendants counterclaims fail to state a claim and are not within this Court's jurisdiction pursuant to 28 U.S.C. § 1583, we respectfully request that defendants' counterclaims and certain defenses be dismissed.

**BACKGROUND**

In March 2006, the Department of Commerce (Commerce) published a final determination on antidumping duties for artist canvases from China, with a China-wide rate of 264.09 percent *ad valorem*. Complaint ¶ 11, ECF No. 2 (Compl.); *Final Determination of Sales at Less Than Fair Value: Certain Artist Canvas from the People's Republic of China*, 71 Fed. Reg. 16116 (Mar. 30, 2006) (AD Order). The AD Order included specific scope language,

exclusions, and subheadings of the Harmonized Tariff Schedule of the United States (HTSUS), and stated that "{Commerce's} written description of the scope of this proceeding is dispositive." *Id.* Over several years, Commerce updated the applicable HTSUS subheadings under the AD Order. Compl. ¶ 13. On or about July 13, 2015, Commerce issued a scope ruling determination that print canvas was within the scope of the order because "print canvas is manufactured in the same manner as other subject artist canvas using the same materials." *Id.*

During a period from on or about May 20, 2014, through on or about November 10, 2017, defendants caused to be entered into the United States 167 entries of artist canvases manufactured in China. Compl. ¶ 9. Defendants falsely declared, or caused to be falsely declared, that their entries were not subject to the AD Order by falsely omitting the antidumping order on the entry documents and misclassifying the artist canvases. *Id.* ¶ 14.

On or about April 14, 2023, United States Customs and Border Patrol (CBP) issued pre-penalty notices to defendants, proposing a monetary penalty of $11,057,866.28 for failing to take reasonable measures to correctly classify the artist canvases. *Id.* ¶¶ 17-18. CBP later determined that defendants violated 19 U.S.C. § 1592(a) by misclassifying their entries, issuing a penalty notice. *Id.* ¶ 20.

On May 15, 2023, we filed a complaint to recover lawful duties, taxes, fees, and penalties from the defendants for violations of 19 U.S.C. § 1592(a). *See* Compl.

Subsequent to the complaint, in August 2023, Printing Textiles, LLC (Printing Textiles), a separate company from defendants, received a final scope ruling from the Department of Commerce (Commerce) that canvas banner matisse was within the scope of the AD Order. *Printing Textiles, LLC v. United States*, 731 F. Supp. 3d 1366, 1369-70 (Ct. Int'l Trade), *appeal docked*, No. 25-1213 (Fed. Cir. Nov. 25, 2024). Printing Textiles filed a complaint pursuant to

2

28 U.S.C. § 1581(c) challenging Commerce's final scope ruling. *Id.* at 1369. This Court sustained Commerce's scope ruling and rejected Printing Textiles' argument that the AD Order was unconstitutionally vague. *Id.* at 1377.

## DEFENDANTS' COUNTERCLAIMS

In August 2025, in its response to our complaint, defendants asserted four counterclaims against the United States. Ans. (ECF No. 30) ¶¶ 28-48. Defendants argue that the counterclaims "are same as pending ongoing litigation of issues that are central to the court's decision in *Printing Textiles*[.]" Ans. ¶ 31. Specifically, first, defendants assert a counterclaim that the AD Order is void for vagueness. *Id.* ¶¶ 33-38. Second, defendants argue that Commerce's scope rulings have unlawfully expanded the AD Order, resulting in it becoming void for vagueness. *Id.* at 40-42. Third, defendants assert that CBP failed to consider essential physical characteristics of their artist canvas entries, including "priming/coating." *Id.* ¶¶ 44-46. Finally, defendants claim a refund of $748,491.68[1] "for an equitable recoupment of overpayments." *Id.* ¶ 48.

As we demonstrate below, defendants' counterclaims are based upon defendants' fundamental misapprehension of the law and should be dismissed.

## SUMMARY OF ARGUMENT

Defendants generally assert that their entries are outside the scope of Commerce's AD Order concerning artist canvas. As defendants concede, however, their claims are identical to those already brought and decided by this Court in *Printing Textiles*. Defendants did not participate in the *Printing Textiles* scope inquiry, did not request a scope determination at any time prior to the liquidation of their entries, and did not file a timely challenge of Commerce's

---

[1] We lack sufficient information to verify the factual basis of this amount, but, for the purposes of a motion to dismiss, assume factual allegations as true. We reserve the right to challenge these allegations at a later date.

3

scope ruling in this Court pursuant to 28 U.S.C. § 1581(c). Having completely failed to preserve its rights and file a timely judicial challenge pursuant to section 1581(c), defendants cannot take refuge in section 1583 after the fact. We respectfully request that this Court dismiss the counterclaims for lack of subject matter jurisdiction.

In the alternative, these counterclaims should be dismissed for failure to state a claim. Defendants failed to raise any of their challenges to the AD Order's scope language to the relevant administrative agency, Commerce. Thus, they failed to exhaust administrative remedies, which this Court requires. *See* 28 U.S.C. § 2637(d). Because defendants failed to do so, we respectfully ask that this Court dismiss the counterclaims for failure to state a claim.

## ARGUMENT

### I. Standard Of Review

We brought this case against defendants, jointly and severally, to recover unpaid duties and a monetary penalty resulting from their negligent misclassification of entries in violation of to 19 U.S.C. § 1592(a). The Court reviews all issues in actions brought for the recovery of a monetary penalty pursuant to section 1592 *de novo* and on the basis of the record made before the Court. 19 U.S.C. § 1592(e)(1); 28 U.S.C. § 2640(a); *see also United States v. ITT Indus., Inc.*, 343 F. Supp. 2d 1322, 1329 (Ct. Int'l Trade 2004), *aff'd*, 168 F. App'x 942 (Fed. Cir. 2006).

USCIT Rule 12(b)(7) provides that every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required; a party may assert lack of subject-matter jurisdiction by motion. USCIT R. 12(b)(1). A motion asserting this defense "must be made before pleading if a responsive pleading is allowed." *Id.*

The pleading standard applicable to complaints applies equally to counterclaims. *See SmartStream Techs., Inc. v. Chambadal*, No. 17-CV-2459, 2018 WL 1870488, at *3 (S.D.N.Y.

4

Apr. 16, 2018); *Gerdau Ameristeel U.S. Inc. v. Ameron Int'l Corp.*, No. 13 Civ. 07169, 2014 WL 3639176, at *2 (S.D.N.Y. July 22, 2014) ("Federal Rule of Civil Procedure 12(b) applies equally to claims and counterclaims; therefore, a motion to dismiss a counterclaim is evaluated under the same standard as a motion to dismiss a complaint."); *Wells Fargo Bank Nw., N.A. v. Taca Int'l Airlines, S.A.*, 247 F. Supp. 2d 352, 363 (S.D.N.Y. 2002) (noting that a "motion to dismiss counterclaims is governed by Rule 12(b)(6)). Rule 12(b)(1) provides that "a party may assert . . . by motion" the defense of "lack of subject-matter jurisdiction." RCIT 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." USCIT R. 12(h)(3).

This Court, "like all federal courts, is a court of limited jurisdiction," and "the party invoking that jurisdiction bears the burden of establishing it." *Norsk Hydro Canada Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006); *Michael Simon Design*, 637 F. Supp. 2d at 1223 (citing *Norsk Hydro Canada*), *aff'd*, 609 F.3d 1335 (Fed. Cir. 2010). Title 28, United States Code, section 1581 governs the Court's subject matter jurisdiction in customs and trade cases against the United States. 28 U.S.C. § 1581. Separately, 28 U.S.C. § 1583 provides this Court with exclusive jurisdiction over "any counterclaim, cross-claim, or third-party action of any party" if the claim involves the same merchandise that is the subject matter of the original civil action. Defendants have invoked section 1583 jurisdiction over its counterclaims. *See* Ans. ¶ 29.

## II. Defendants Fail To Identify A Proper Jurisdictional Grant Or Cause Of Action For Their Counterclaims

In its counterclaims and certain defenses, defendants allege that they are entitled to a refund and that the scope language in the AD Order is unconstitutionally void. *See* Ans. ¶¶ 28-

5

48. Stated another way, defendants challenge that subject entries are outside of the scope of the AD Order.

This Court has repeatedly held that section 1583 is solely jurisdictional, providing this Court with "exclusive jurisdiction to render judgment upon any counterclaim." *Maple Leaf Marketing, Inc. v. United States*, 639 F. Supp. 3d 1363, 1366 (Ct. Int'l Trade 2023); *Cyber Power Systems (USA) Inc. v. United States*, 586 F. Supp. 3d 1325, 1332-33 (Ct. Int'l Trade 2022) ("Congress only provided the U.S. Court of International Trade with jurisdiction to hear such counterclaims, to the extent such claims are properly brought as counterclaims."). As such, because the statute is a jurisdictional grant, it "is not a cause of action." *Second Nature Designs, Ltd. v. United States*, 586 F. Supp. 3d 1334, 1338 (Ct. Int'l Trade 2022). It alone cannot be the basis for defendants' counterclaims.

Separately, section 516A(a) of the Tariff Act of 1930, codified at 19 U.S.C. § 1516a, confers jurisdiction upon this Court to review the final results of administrative reviews and final determinations "as to whether a particular type of merchandise is within the class or kind of merchandise described in an existing finding of dumping or antidumping or countervailing duty order." 19 U.S.C. §§ 1516a(a)(2)(B)(iii) (administrative reviews), 1516a(a)(2)(B)(vi) (scope determinations). Any such lawsuit that challenges the final results of an administrative review or a final scope determination by Commerce must be filed within 30 days. 19 U.S.C. § 1516a(a)(2).

Actions pursuant to 19 U.S.C. § 1516a are available to "any interested party who is a party to the proceeding in connection with which the matter arises{.}" 19 U.S.C. § 1516a. An "interested party" is "a foreign manufacturer, producer, or exporter, or the United States importer, of subject merchandise," 19 U.S.C. § 1677(9)(A), and a "party to the proceeding" is

6

"any interested party . . . which actively participates through written submissions of factual information or written argument, in a segment of a proceeding." 19 C.F.R. § 351.102(b).

As defendants make clear in their answer, the asserted counterclaims "are same as pending ongoing litigation of issues" as *Printing Textiles*, a scope challenge brought under 28 U.S.C. § 1581(c). Ans. ¶ 31. This demonstrates that, if defendants had timely requested a scope determination at any time, defendants could have raised these exact arguments there, and then it could have filed a challenge in this Court pursuant to 19 U.S.C. § 1516a(a)(2)(B)(vi) and 28 U.S.C. § 1581(c). Defendants did not take that action to preserve their rights. The entire basis for any relief concerning the counterclaims is that these entries were outside the scope of Commerce's AD Order concerning artist canvas from China. Nevertheless, defendants did not participate in an administrative review and did not request a scope determination from Commerce at any time prior to liquidation of these entries.

Defendants cannot circumvent the entire statutory scheme simply because they failed to preserve their own rights in the manner that Congress has established. *See JCM, Ltd. v. United States*, 210 F.3d 1357, 1359 (Fed. Cir. 2000) ("To allow a party to elect to proceed under section 1581(i), without having first availed himself of the remedy provided by section 1581(c), would undermine the integrity of the clear path Congress intended a claimant to follow.").

As the Federal Circuit has discussed in the section 1581(a) context, legislative history of the Customs Court Act of 1980, Pub. L. 96-417, 94 Stat. 1727, that addresses 28 U.S.C. § 1583 "counterclaims" indicates that "the committee considered the exhaustion of administrative remedies to be a normal prerequisite to challenging a liquidation, even in a government enforcement action, and that the committee wanted to ensure that the new provision allowing parties to raise counterclaims in actions before the Court of International Trade would not be

7

used as a vehicle for sidestepping the traditional protest requirement." *United States v. Cherry Hill Textiles, Inc.*, 112 F.3d 1550, 1556-57 (Fed. Cir. 1997) (citations omitted). For the same reasons, defendants should not be permitted to bypass the scope inquiry mechanism under the guise of being entitled to a "refund," and then collaterally challenge the scope and liquidation of its entries in this penalty enforcement action. To give defendants that option "would create a gaping hole in the administrative exhaustion requirement{.}" *Id.* at 1557 (citations omitted).

In sum, defendants are attempting to challenge a scope ruling by invoking section 1583 when defendants are required to follow the well-established process that the *Printing Textiles* plaintiff already availed itself to under section 1581(c). Defendants cannot circumvent standing and timeliness requirements by raising counterclaims under 28 U.S.C. § 1583.

### III. Defendants Fail To State A Claim Because They Failed To Exhaust Administrative Remedies

Alternatively, even if the Court were to conclude it possesses jurisdiction to address defendants' counterclaims under section 1583, this Court should still dismiss for failure to state a claim. As defendants clearly concede, the asserted counterclaims "are same as pending ongoing litigation of issues" in *Printing Textiles*. Ans. ¶ 31. Yet, defendants have made no effort to exhaust its administrative remedies under 19 U.S.C. § 1516a(a)(2)(B)(vi) to obtain a scope ruling from Commerce. Under these circumstances, dismissal is appropriate.

Although exhaustion is discretionary, the statute contemplates that, absent one of the exceptions applying, a party *must* exhaust its administrative remedies. 28 U.S.C. § 2637(d) (this Court "shall, where appropriate, require the exhaustion of administrative remedies"); *see also Boomerang Tube LLC*, 856 F.3d 908, 912 (Fed. Cir. 2017) ("'[A]bsent a strong contrary reason, the court should insist that parties exhaust their remedies before the pertinent administrative agencies.'") (quoting *Corus Staal BV v. United States*, 502 F.3d 1370, 1379 (Fed. Cir. 2007));

8

*United States v. Nitek Elec., Inc.*, 844 F. Supp. 2d 1298, 1307 (Ct. Int'l Trade 2012) ("[A] plaintiff must 'show that it exhausted its administrative remedies, or that it qualifies for an exception to the exhaustion doctrine.'") (quoting *Consol. Bearings Co. v. United States*, 348 F.3d 997, 1003 (Fed. Cir. 2003)).  Defendants have failed to raise any of their issues with Commerce's interpretation of the scope language with Commerce itself.  There is no plausible explanation for defendants' failure to raise any of the issues it now contests.  Permitting defendants to raise these scope challenges without having first given Commerce the opportunity to consider the arguments and exercise its discretion or apply its expertise would allow defendants to subvert the statute and encourage parties to ignore Commerce's administrative procedures.  *See Zhongce Rubber*, 352 F. Supp. 3d at 1279; *see also Cherry Hill Textiles*, 112 F.3d at 1557.  Instead, this Court should require that defendants have presented their concerns with the scope language with Commerce and sought Commerce's expertise in a scope inquiry.  Because defendants did not, this Court should dismiss the counterclaims for failure to state a claim.

## CONCLUSION

For these reasons, we respectfully request that the Court dismiss defendants' counterclaims.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

/s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

9

<table>
<tr><td></td><td>/s/ Collin T. Mathias<br>AN HOANG<br>COLLIN T. MATHIAS<br>Trial Attorneys<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C.  20044<br>(202) 307-0135<br>Collin.T.Mathias@usdoj.gov<br><br>*Attorneys for Plaintiff*</td></tr>
<tr><td>December 5, 2025</td><td></td></tr>
</table>

**CERTIFICATE OF COMPLIANCE**

    I hereby certify that this motion complies with the word limitation in Court of International Trade Standard Chambers Procedures § 2(B)(1), and contains approximately 2,485 words, excluding the parts of the motion exempted from the word limitation. In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the motion.

    /s/ Collin T. Mathias