THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JUDGE THOMAS J. AQUILINO, JR.

| | |
|---|---|
| UNITED STATES,<br><br>     Plaintiff,<br><br>    v.<br><br>LEXJET, LLC,<br>ABAQA, LLC,<br>BRAND MANAGEMENT GROUP, LLC,<br>S-ONE, NEVADA, LLC, and<br>S-ONE HOLDINGS CORPORATION,<br><br>     Defendants. | Court No. 23-cv-00105 |

**DEFENDANTS' REPLY TO PLAINTIFF'S MOTION TO DISMISS**

  Pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of International Trade, Lexjet, LLC, Abaqa, LLC, Brand Management Group, LLC, S-One, Nevada, LLC, and S-One Holdings Corporation ("Defendants"), respectfully submit this response to Plaintiff's motion to dismiss and requests that the Court deny the motion. The United States commenced this action against Defendants' to recover unpaid duties and penalties under 28 U.S.C. § 1582 and Section 592 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1592. Compl. ¶ 29. Under subsection (d), "if the United States has been deprived of lawful duties, taxes, or fees as a result of a violation of subsection (a), the Customs Service shall require that such lawful duties, taxes, and fees be restored, whether

or not a monetary penalty is assessed." Defendants counterclaimed that the antidumping order[1] is void for vagueness and unconstitutional, that the U.S. Department of Commerce ("Commerce") unlawfully expanded the scope of the *Order*, and Defendants' coated fabrics fall outside the scope of the *Order* (i.e., the product is expressly not covered by the plain language of the scope of the order) - that unlawful duties must be refunded. Plaintiff has filed a motion to dismiss this action for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. As a result and at the outset, Defendants submit that Plaintiff is incorrect in its contentions.

## JURISDICTION AND APPLICABLE LEGAL STANDARDS

The Court of International Trade has exclusive jurisdiction over any civil action which arises out of an import transaction and which is commenced by the United States to recover civil penalties and duties under 19 U.S.C. § 1592 and 28 U.S.C. § 1582. "In actions brought for the recovery of any monetary penalty claimed under 19 U.S.C. § 1592, all issues are tried *de novo*, including the amount of the penalty." *United States v Complex Mach Works Co.*, 83 F. Supp 2d 1307,1311 (1999), 19U.S.C. § 1592(e).

## ARGUMENT

### Defendants Did Not Fail To Identify A Proper Jurisdictional Grant Or Cause Of Action For Their Counterclaims

"In any civil action in the Court of International Trade, the court shall have exclusive jurisdiction to render judgment upon any counterclaim, cross-claim, or third-party action of any party, if (1) such claim or action involves the imported merchandise that is the subject matter of such civil action". 28 U.S.C. § 1583. "The legislative history

---

[1] *See Notice of Antidumping Duty Order: Certain Artist Canvas from the People's Republic of China*, 71 FR 31154 (June 1, 2006) ("*Order*").

pertaining to the section makes clear that Congress believed the administration of justice would be well served if the Court of International Trade entertained jurisdiction over cross-claims and third party actions arising out of a suit by the United States to recover on a bond. The Court's remedial powers were broadened, authorizing the entry of money judgments against the United States as well as any other party on a counterclaim, cross-claim or third-party action in civil actions relating to import transactions. Generally cross-claims in Federal District Courts under Rule 13(g) (Rule 13(f) of this Court) of the Federal Rules of Civil Procedure do not require independent grounds of federal jurisdiction. *Consolo v. Federal Maritime Commission*, 383 U.S. 607, 617 n. 14, 86 S.Ct. 1018, 1025 n. 14, 16 L.Ed.2d 131 (1966)." *United States v. Mecca Export Corp.*, 647 F.Supp. 924, 925 (Ct. Int'l Trade 1986). Government conceded jurisdiction under 28 U.S.C. § 1583 concerning "a refund of excess antidumping duties paid with interest, and either a reassessment of the penalty owed based upon the correct calculation of antidumping duties or a rescindment of the penalty demand refund of duties.") *U.S. v. Itt Industries, Inc.*, 343 F.Supp.2d 1322, 1323, 1344 (Ct. Int'l Trade 2004). *See U.S. v. Ford Motor Co.*, 358 F.Supp.2d 1349, 1351 (Ct. Int'l Trade 2005), where the Court held that it had Section 1583 jurisdiction regarding counterclaim to refund duties tendered to Customs. *See United States v. Gold Mountain Coffee, Ltd.*, 601 F.Supp. 215, 219 (Ct. Int'l Trade 1984) where the Court held that, "The Court of International Trade has sufficient equitable jurisdiction to hear the recoupment claim. 28 U.S.C. § 1585. No separate jurisdictional provision is required." *See U.S. v. Nippon Miniature Bearing, Inc.*, 3 F.Supp.2d 1448, 1450-51 (Ct. Int'l Trade 1998), where a Section 1583 was allowed concerning a related seizure claim because "the Court may address counterclaims arising from actions involving the imported

merchandise at issue." Simply put, Defendants may counterclaim, under 28 U S.C § 1583, for overpayment on the same transaction initiated by the government.

Plaintiff's reliance on *Maple Leaf Marketing, Inc. v. United States*, 639 F. Supp. 3d 1363, 1366 (Ct. Int'l Trade 2023), *Cyber Power Systems (USA) Inc. v. United States*, 586 F. Supp. 3d 1325, 1332-33 (Ct. Int'l Trade 2022), and *Second Nature Designs, Ltd. v. United States*, 586 F. Supp. 3d 1334, 1338 (Ct. Int'l Trade 2022) is misplaced. Each of the cases involved whether the government has a "cause of action" to challenge Customs' classification based on statutory authority such that the authority can be read to imply a cause of action for the United States to assert a counterclaim. As previously noted, the Court has found Section 1583 jurisdiction in matters involving duty refunds as well as the Court's authority to review the matters as *de novo*.

The idea that Defendants were required to timely request a scope determination at any time to preserve their rights pursuant to 19 U.S.C. § 1516a(a)(2)(B)(vi) and 28 U.S.C. § 1581(c) is also misplaced. "A prior precedential decision on a point of law by a panel of this court is binding precedent and cannot be overruled or avoided unless or until the court sits en banc." *Preminger v. Sec'y of Veterans Affairs*, 517 F.3d 1299, 1309 (Fed. Cir. 2008). Thus, a favorable finding to Defendants in *Printing Textiles, LLC v. United States*, 23-00192, Slip Op. 24-110 (Ct. Int'l Trade Oct 08, 2024), appeal pending, Appeal No. 25-1213 would necessarily give way to an equitable recoupment of overpayment. "[T]he Court of International Trade has been granted broad remedial powers. *See* 28 U.S.C. § 2643." *Shinyei Corp. of America v. U.S.*, 355 F.3d 1297, 1312 (Fed. Cir. 2004). Moreover, the government has recently stated that it would not require importers to protest liquidated entries in International Emergency Economic Powers Act in order to preserve importer

rights to refunds in the event that the Supreme Court of the United States finds in favor of the importers. *AGS Co. Auto. Sols. v. U.S. Customs & Border Prot.*, 25-00255, Slip Op. 25-154, *4 (Ct. Int'l Trade Dec 15, 2025). Defendants are not simply sidestepping or circumventing traditional protest requirements as purported by Plaintiff with its incorrect reliance on *United States v. Cherry Hill Textiles, Inc.*, 112 F.3d 1550, 1556-57 (Fed. Cir. 1997). Importantly, unlike the defendant in *Cherry Hill*, Defendants were left without an option to protest both duties and penalties under this 1592 action. Plaintiff's 12(b)(1) motion should not be granted.

### **Defendants Did Not Fail To State A Claim Because They Failed To Exhaust Administrative Remedies**

Plaintiff claims in its brief that Defendants' counterclaim should be dismissed because Defendants failed to exhaust administrative remedies. This claim is contrary to the penalty statute. *See* 19 U.S C. § 1592 (d), (e).

> 19 U S C. § 1592(e) provides that in Court of International Trade proceedings
>
>> Notwithstanding any other provision of law, in any proceeding commenced by the United States in the Court of International Trade for the recovery of any monetary penalty claimed under this section--(l) all issues, including the amount of the penalty, shall be tried de novo.
>
> 19 U.S C. § 1592(d). provides for the deprivation of lawful duties, taxes, or fees It states that
>
>> Notwithstanding section 1514 of this title, if the United States has been deprived of lawful duties, taxes, or fees as a result of a violation of subsection (a) of this section, the Customs Service shall require that such lawful duties, taxes, and fees be restored, whether or not a monetary penalty is assessed.

The government by initiating this action to recover alleged lost revenue and penalties, submitted itself to the jurisdiction of the Court and its mandate to examine all claims and issues from a clean slate. *See Complex Mach Works Co.*. 83 F. Supp 2d at 1311.

Accordingly, it has waived its sovereign immunity from suit and is subject to any properly pleaded counterclaim that a defendant brings relating to the same transaction USCIT R. 8 and 13. Thus. Defendants, in defending against the loss of revenue amount claimed, is entitled to establish the loss of revenue is correct, i.e., the merchandise is indeed covered under a valid antidumping order, *see United States v Zuber*, 9 CIT 511 (1985)), as well as counterclaim against Customs for the overpayments relating to the same transactions and entries alleged in Plaintiff's Complaint. S*ee also Bull v United States*, 295 U.S. 247, 260 (1935). Moreover, a *de novo* determination may permit Defendants to raise issues that would otherwise be barred from an importer initiated action. *See* eg. *Zuber*. 9 CIT at 511, *United States v Hitachi. Ltd*, 21 CIT 373, 473 (1997), *aff d in part*, *vacated in part*, *rev'd in part*. (Fed. Cir 1999).

    Moreover, 19 U S.C. § 1592(d) provides in its initial dependant clause that notwithstanding section 1514 of this title, if a party is found to be culpable, the liquidation and protest requirements of 1514 are not relevant and the government may seek loss of revenue against an importer. When this subsection is read together with § 1592(e). which provides in its initial dependant clause that "[n]otwithstanding any other provision of law. the court reviews penalty cases de novo", the penalty statute specifically abrogates the administrative procedure requirements that would normally need to be followed in an importer initiated action against the government.

    The Court, in examining the evidence before it, will readily discern that Defendants overpaid duties related to the prior disclosure. Section 592 permits Defendants to recover overpayments, pursuant to USCIT R. 13, notwithstanding that a protest was not filed under 19 U.S C § 1514. Defendants therefore, are entitled to a refund or credit for their

overpayments on those entries against any alleged loss of revenue or penalties in this case and their counterclaim is proper.

The court's grant of a motion to dismiss in this would be proper only if it appears beyond doubt that defendant can prove no set of facts in its counterclaim which would entitle him to relief. See *Constant v. Advanced Micro-Devices. Inc.*, 848 F 2d 1560,1565 (Fed Cir.1988) (citing *Conley v. Gibson*, 355 U S 41,45-46, 78 S Ct 99.2 L Ed 2d 80 (1957)). Thus, a motion to dismiss is only proper where there are insufficient facts set forth in Defendants' Answer to support their counterclaim. *See NEC Corp. v. United States*, 20 CIT 1483,1484 (1996). Accordingly, in order for Defendants' counterclaim to survive Plaintiff's motion to dismiss, Defendants need only have given Plaintiff "fair notice" of what the claim is and "the grounds upon which it rests." *Conley*, 355 U S. at 47 Moreover, Defendants need not set out in detail every fact on which their claim is based, because the court assumes "all well-pled factual allegations are true'" and construes "all reasonable inferences in favor of the nonmovant." *Gould. Inc v United States*, 935 F.2d 1271,1274 (Fed Cir 1991). Additionally, it is not necessary that the specific relief requested by Defendants be awarded, rather the court need only ascertain that some relief is available. See *Doe v United States*, 753 F 2d 1092, 1104 (D.C. Cir 1985) (citing 5 C. Wright & A Miller, *Federal Practice and Procedure* § 1357 at 602 & n 77 (1969 & Supp. 1983)).

USCIT R. 13 and 8(a) USCIT R. 8(a) sets out the requirements that counterclaim must contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing

that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Defendants met these standards.

USCIT R 13 (b) provides that "[a] counterclaim need not diminish or defeat the recovery sought by the opposing party. It may request relief that exceeds in amount or differs in kind from the relief sought by the opposing party." Thus, pursuant to the Court's rules and as a factual matter, an importer may recover duty overpayments from the government in a government initiated penalty action Pursuant to USCIT R 13 an importer may counterclaim against the government for overpayments that are part of the same Transaction. During discovery it was confirmed that Defendants had overpaid the government. As a result of this overpayment, and as a matter of law, dependent on the outcome of the *Printing Textiles* appeal, Defendants are entitled to a refund of their overpayment plus interest. Thus, Defendants satisfied the pleading requirements of USCIT R.13 and 8(a), and disclosed all necessary information to Plaintiff relating to their counterclaim and requested a proper form of relief. Plaintiff's 12b(6) motion should not be granted.

Defendants also seek to invoke the equitable doctrine of recoupment to recover the overpaid duties as a credit against any penalty assessment in this case with respect to the same transactions. As such, the counterclaim similarly should not be dismissed. The Seventh Circuit in *O'Brien v. United States*, 766 F 2d 1038, 1049 (7th Cir. 1985) explained that recoupment in the context of a tax case permitted

> the government to recoup a correctly assessed tax, which ordinarily could not be collected because of a statute of limitations bar. against a timely refund of a tax erroneously collected **and conversely will permit a taxpayer to recoup an erroneously paid tax, the refund of which is time-barred, against a timely and correctly asserted deficiency by the government**. The doctrine thus operates only to induce a taxpayer's

> timely claim for a refund or to reduce the government's timely claim of deficiency; it does not allow the collection of the barred tax itself In summary, the doctrine requires some validly asserted deficiency or refund against which the asserting party desires to recoup a time-barred refund or deficiency.

*Id*. (internal citations omitted) (emphasis added) In this case, Defendants' counterclaim properly placed Plaintiff on notice that Defendants alleged that they had overpaid their duties. Defendants stated in their counterclaim that they were entitled to receive a refund of duties that have been tendered in connection with this matter plus lawful interest. During discovery in this case, it was confirmed that Defendants overpaid their duties to the government. Defendants maintain that as a result of their overpayment, and as a matter of law, they are also entitled to recoupment the amount of their overpayment plus interest against any loss of revenue and/or penalties ultimately assessed in this matter. "Recoupment is a defense that goes to the foundation of the plaintiffs claim by deducting from plaintiffs recovery all just allowances or demands accruing to the defendant with respect to the same contract or transaction." *Distribution Serv. Ltd, v. Eddie Parker Interests. Inc.*, 897 F 2d 811 (5th Cir. 1990).

In *Miller v Tony and Susan Alamo Found.*, 134 F 3d 910, 916 (8th Cir. 1998) the circuit court explained that when the United States brings a claim in court, it "waives immunity as to claims of the defendant which assert matters in recoupment - arising out of the same transaction or occurrence which is the subject matter of the [G]overnment's suit." *United States v Johnson*, 853 F.2d 619, 621 (8th Cir 1988). It is available only to reduce or satisfy plaintiffs claim. *United States v Shabahang Persian Carpets. Ltd.*, 21 CIT 360, 363 (1997); *Black's Law Dictionary*, 1275 (6th ed. 1990) Accordingly, Defendants seek to have their overpayment credited as a recoupment against the Plaintiff's loss of revenue claim.

It has been settled that pursuant to 28 U.S.C § 1585, the Court of International Trade has sufficient equitable jurisdiction to hear recoupment counter claims. *Gold Mountain Coffee*, 601 F.Supp. at 219. In the seminal Supreme Court recoupment case *Bull*, 295 U.S. at 260, the Supreme Court explained the nature of recoupment and the inapplicability of statutory timeliness requirements to recover overpayments to the government. In *Bull*, estate taxes were mistakenly overpaid, but income taxes were underpaid by the estate. When the government sued the deceased's estate to collect the unpaid income taxes, the Court allowed the estate to credit the estate tax overpayment, plus interest, against the income tax deficiency. The Court stated that the government had received a greater amount than it was entitled to on the deceased estate tax, but a claim for credit was not presented by the executor, nor was an action instituted by the estate within the statute of limitations. *Id*. Thus, the Court explained that "if nothing further had occurred, Congressional action would have been the sole avenue of redress," for return of the erroneous overpayment even though "[r]etention of the money was against morality and conscience " *Id*. at 260-61. However, the Supreme Court held that because the government instituted a new proceeding against the estate arising out of the same transaction, "the petitioner was entitled to have credited against the deficiency in the income tax, the amount of his overpayment of estate tax with interest." *Id*. at 263.

In this Action. Plaintiff seeks loss of revenue and penalties related to the imports of Defendants' coated fabric. In defending against the loss of revenue and penalty claim, as explained previously, Defendants are entitled to establish the correct amount of the claim. *United States v Zuber*, 9 CIT 511 (1985)) and counterclaim for recoupment from the government of the overpayments, notwithstanding that Defendants did not file a protest of

liquidation. *Gold Mountain Coffee*, 601 F.Supp. at 219. *See also Bull*, 295 U.S at 260. The court explained in *Gold Mountain Coffee* that "[r]ecoupment implies a balancing of credits. Therefore, both plaintiffs and defendants' claims must give rise to the same type of relief. Insofar as plaintiff [government] seeks a monetary judgment, a claim in recoupment reducing the amount of such judgment is possible ... [Recoupment] requires no waiver of sovereign immunity because the government necessarily consents to adjudication of the entire transaction when it files suit with regard to that transaction " *Gold Mountain Coffee*, 601 F.Supp. at 219. In *United States v Menard*, 838 F Supp. 615 (1993), *aff'd in part, vacated in part*. 64 F. 3d 678 (1995), *on remand* 22 CIT 403 (1998), the CIT found that an importer's recoupment claim failed because "it does not arise from the same transaction, or involve the same merchandise, as that which defendant claims gave rise to the overpayment." Defendants' case here is distinguishable from that in *Menard* because both Plaintiff's claim and Defendants' counterclaim arise out of the same import transactions related to the Defendants' coated fabric. As set forth above, Defendants overpaid the amount of duties it owed. Thus, here as in *Bull*, the government has received a greater amount of money than it was entitled. As with the estate taxes in *Bull*, had the government accepted Defendants' tender of duty and not pursued this matter any further, the issue of recoupment would never have arisen. However, the government has now instituted a new proceeding against Defendants alleging unpaid antidumping duties - the same duties which Defendants overpaid their duties. Thus, Plaintiff has opened the door to Defendant's recoupment claim. Whenever the government attempts to collect more money than it is or was lawfully entitled, a recoupment counterclaim can and should provide a vital check on the government overreaching. In this Action, the court should grant Defendants equitable

recoupment of their overpayments in order to reduce any penalties that might be recovered by the plaintiff.

## CONCLUSION

For the reasons discussed above, Defendants respectfully requests the Court to deny Plaintiff's motion to dismiss.

Respectfully submitted,
  /s/ Kyl J. Kirby
Kyl J. Kirby
**KYL J. KIRBY, ATTORNEY AND COUNSELOR AT LAW, P.C.**
1400 Lipscomb Street
Fort Worth, TX 76104
Tel: (214) 632-0841
Attorney for Defendants LEXJET, LLC, ABAQA, LLC, BRAND MANAGEMENT GROUP, LLC, S-ONE, NEVADA, LLC, and S-ONE HOLDINGS CORPORATION

Date: December 29, 2025

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this motion complies with the word limitation in Court of International Trade Standard Chambers Procedures § 2(B)(1), and contains approximately 3,459 words, excluding the parts of the motion exempted from the word limitation. In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the motion.

/s/ Kyl J. Kirby
Kyl J. Kirby