IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

|  |  |
|---|---|
| UNITED STATES, | : |
| Plaintiff, | : |
| v. | : |
| LEXJET, LLC, ABAQA, LLC, BRAND MANAGEMENT GROUP, LLC, S-ONE, NEVADA, LLC, and S-ONE HOLDINGS CORPORATION, | : Ct. No. 23-00105 |
| Defendants. | : |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM**

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

FRANKLIN E. WHITE, JR.
Assistant Director

AN HOANG
COLLIN T. MATHIAS
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
(202) 307-0135
Collin.T.Mathias@usdoj.gov

January 20, 2026                                      *Attorneys for Plaintiff*

## **TABLE OF CONTENTS**

**PAGE**

PLAINTIFF's REPLY IN SUPPORT OF ITS MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS .................................................................................................... 1

ARGUMENT .................................................................................................................... 2

    I.    28 U.S.C. § 1583 Does Not Give Defendants A Cause Of Action To Challenge A Scope Ruling ................................................................................. 3

    II.    The Right To A Trial De Novo Does Not Give Defendants A Cause Of Action To Challenge A Scope Ruling ....................................................................... 6

    III.    Equitable Recoupment Is Not An Available Remedy ............................................. 9

CONCLUSION ............................................................................................................... 11

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bull v. United States*,
  295 U.S. 247 (1935) .................................................................................................. 10

*Cyber Power Sys. (USA) Inc. v. United States*,
  586 F. Supp. 3d 1325 (Ct. Int'l Trade 2022) ............................................................... 3

*Hann v. Venetian Blind Corp.*,
  15 F. Supp. 372 (S.D. Ca. 1936) ............................................................................ 3, 11

*JCM, Ltd. v. United States*,
  210 F.3d 1357 (Fed. Cir. 2000) ................................................................................... 9

*Maple Leaf Mktg., Inc. v. United States*,
  639 F. Supp. 3d 1363 (Ct. Int'l Trade 2023) ............................................................... 3

*Nat'l Corn Growers Ass'n v. Baker*,
  840 F.2d 1547 (Fed. Cir. 1988) ................................................................................... 7

*Printing Textiles, LLC v. United States*,
  731 F. Supp. 3d 1366 (Ct. Int'l Trade) ......................................................................... 1

*Rimco Inc. v. United States*,
  98 F.4th 1046 (Fed. Cir. 2024) .................................................................................... 8

*Rothensies v. Electric Storage Battery Co.*,
  329 U.S. 296 (1946) .................................................................................................. 10

*Sandvik Steel Co. v. United States*,
  164 F.3d 596 (Fed. Cir. 1998) ..................................................................................... 7

*Second Nature Designs, Ltd. v. United States*,
  586 F. Supp. 3d 1334 (Ct. Int'l Trade 2022) ...................................................... 3, 4, 6

*Sunpreme Inc. v. United States*,
  892 F.3d 1186 (Fed. Cir. 2018) ............................................................................... 7, 8

*Talley v. PA. Dept. of Corrections*,
  791 F. App'x 291 (3rd Cir. 2019) ................................................................................ 4

*United States v. Aegis Sec. Ins. Co.*,
  422 F. Supp. 3d 1328 (Ct. Int'l Trade 2019) ............................................................. 10

*United States v. Bonneau Co.*,
  12 CIT 246 (1988) ............................................................................................ 3, 4, 6, 11

*United States v. Cherry Hill Textiles, Inc.*,
    112 F.3d 1550 (Fed. Cir. 1997) .................................................................................. 6, 8, 9

*United States v. Fed. Ins. Co.*,
    805 F.2d 1012 (Fed. Cir. 1986) ......................................................................................... 10

*United States v. Gold Mountain Coffee, Ltd.*,
    601 F. Supp. 215 (Ct. Int'l Trade 1984) ................................................................. 5, 10, 11

*United States v. Great Am. Ins. Co. of New York*,
    229 F. Supp. 3d 1306 (Ct. Int'l Trade 2017) ..................................................................... 8, 9

*United States v. ITT Indus., Inc.*,
    343 F. Supp. 2d 1322 (2004) ........................................................................................ 4, 5, 9

*United States v. Mecca Exp. Corp.*,
    647 F. Supp. 924 (Ct. Int'l Trade 1986) ............................................................................... 5

*United States v. Nippon Miniature Bearing, Inc.*,
    22 CIT 147 (1998) .............................................................................................................. 5

*United States v. Nitek Elecs., Inc.*,
    806 F.3d 1376 (Fed. Cir. 2015) ........................................................................................... 8

*United States v. United States Fidelity & Guaranty Co.*,
    309 U.S. 506 (1940) ........................................................................................................... 6

*United States v. Zuber & Co.*,
    9 CIT 511 (1985) ................................................................................................................ 9

**Statutes**

19 U.S.C. § 1514 ................................................................................................................. 4, 7, 8

19 U.S.C. § 1516a ....................................................................................................................... 7

19 U.S.C. § 1592 ................................................................................................................. passim

28 U.S.C. § 1581(a) ................................................................................................................ 4, 5

28 U.S.C. § 1581(c) ..................................................................................................................... 7

28 U.S.C. § 1581(i) ...................................................................................................................... 9

28 U.S.C. § 1583 ................................................................................................................. passim

**Rules**

USCIT Rule 8(a) .......................................................................................................................... 4

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| UNITED STATES, | : |
| Plaintiff, | : |
| v. | : |
| LEXJET, LLC, ABAQA, LLC, BRAND MANAGEMENT GROUP, LLC, S-ONE, NEVADA, LLC, and S-ONE HOLDINGS CORPORATION, | : Ct. No. 23-00105 |
| Defendants. | : |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM**

Pursuant to Rule 7(d) of the Rules of the United States Court of International Trade (USCIT), plaintiff, the United States, submits this reply to support its motion to dismiss the counterclaim asserted by defendants, Lexjet, LLC, Abaqa, LLC, Brand Management Group, LLC, S-One, Nevada, LLC, and S-One Holdings Corporation (collectively, defendants).  For the reasons stated in our moving brief and in this reply brief, the Court should grant our motion to dismiss the counterclaim.

In their counterclaim, the defendants assert that – "[d]ependent on a decision in [*Printing Textiles, LLC v. United States*, 731 F. Supp. 3d 1366, 1369-70 (Ct. Int'l Trade), *appeal docked*, No. 25-1213 (Fed. Cir. Nov. 25, 2024)]" the Court should require the Government to refund payments of $748,491.68 made by Lexjet, Abaqa, and Brand Management as "an equitable recoupment of overpayments."  In our motion to dismiss, we established that defendants' counterclaim should be dismissed for lack of jurisdiction, or for failure to state a claim upon

which relief may be granted, because it is nothing more than an improper and ineffectual attempt to evade this Court's holding, in *Printing Textiles*, that sustained the Department of Commerce's determination that the type of artists canvases defendants imported are within the scope of the antidumping duty order covering certain artists canvas from the People's Republic of China. Defendants had an opportunity to request a scope ruling from Commerce, but they did not seek one. Having failed to exhaust a mandatory administrative exhaustion requirement, they are not permitted to assert a counterclaim in this case. In their response to our motion to dismiss, defendants fail to assert any cognizable basis for challenging a scope ruling or seeking equitable recoupment of duties as part of a counterclaim to the Government's action to recover unpaid duties and penalties. Accordingly, defendants' counterclaim should be dismissed for failing to state a claim within this Court's jurisdiction.

## **ARGUMENT**

In response to our motion to dismiss, defendants attempt to demonstrate the viability of their counterclaim based on cases in which this Court permitted the assertion of counterclaims under 28 U.S.C. § 1583. Def. Resp. 3. Defendants further contend that they are entitled to litigate any issue because this Court considers all issues "*de novo*" in enforcement actions brought under 19 U.S.C. § 1592. Def. Resp. 6. Defendants are incorrect because they have failed to state a statutory basis or cause of action for their counterclaim and because they have otherwise failed to exhaust their administrative remedies as to their attempt to relitigate a scope ruling. Moreover, defendant's counterclaim for equitable recoupment is not available in enforcement actions and, in any event, amounts to nothing more than a defense, as opposed to a proper counterclaim supported by an independent cause of action. The defendants' counterclaim is therefore without basis and should be dismissed.

I.  28 U.S.C. § 1583 Does Not Give Defendants A Cause Of Action To Challenge A Scope Ruling

Defendants assert 28 U.S.C. § 1583 as the statutory basis for bringing their counterclaim and that the Government has "conceded jurisdiction" by bringing an enforcement action pursuant to 19 U.S.C. § 1592.  Def. Resp. 3 (claiming that "cross-claims . . . do not require independent grounds of federal jurisdiction."); *see also* Ans. ¶ 29 (asserting 28 U.S.C. § 1583 as the jurisdictional basis for the counterclaim).  Defendants' argument, however, fails to support their counterclaim because they assert no cause of action to challenge a scope ruling.  *United States v. Bonneau Co.*, 12 CIT 246, 248 (1988) ("A counterclaim is a cause of action in favor of a defendant upon which he might have sued the plaintiff and obtained affirmative relief in a separate action." (quoting *Hann v. Venetian Blind Corp. et al.*, 15 F. Supp. 372, 376 (S.D. Ca. 1936))).

As stated in our motion to dismiss, 28 U.S.C. § 1583 is *only* jurisdictional in that it provides this Court with "exclusive jurisdiction to render judgment upon any counterclaim."  28 U.S.C. § 1583; *see* Pl. Mot. 6, ECF No. 42.  And because 28 U.S.C. § 1583 "empowers the Court, not the [d]efendant," the provision "does not create any cause of action" as the basis for a counterclaim.  *Maple Leaf Mktg., Inc. v. United States*, 639 F. Supp. 3d 1363, 1366 (Ct. Int'l Trade 2023); *see also Cyber Power Sys. (USA) Inc. v. United States*, 586 F. Supp. 3d 1325, 1332 (Ct. Int'l Trade 2022) (stating that 28 U.S.C. § 1583 "does not create any substantive cause of action"); *Second Nature Designs, Ltd. v. United States*, 586 F. Supp. 3d 1334, 1338 n.5 (Ct. Int'l Trade 2022) (stating 28 U.S.C. § 1583 "provides only that the [C]ourt has jurisdiction to hear counterclaims *properly asserted*" (emphasis added)).  Therefore, 28 U.S.C. § 1583 itself cannot be the statutory basis for defendants' counterclaim to the Government's enforcement action

3

brought pursuant to 19 U.S.C. § 1592.[1] *Second Nature Designs*, 586 F. Supp. 3d at 1338 (finding "no statutory basis for the Government's proposed counterclaim" under 28 U.S.C. § 1583); *see also Bonneau Co.*, 12 CIT at 249 ("the right to assert a counterclaim under 28 U.S.C. § 1583 does not provide a new cause of action against the government."). So for the same reasons defendants assert the Government's cited cases are "misplaced," Def. Resp. 4 — cases discussing whether a "cause of action" exists to bring a counterclaim —their own arguments fail. Defendants point to no independent statutory basis or cause of action to challenge a scope ruling so their counterclaim remains without basis to assert it. *See* Def. Resp. 2–8.

Defendants do not specifically dispute this point in their response. *Id.* Instead, defendants point to cases wherein this Court has permitted counterclaims under 28 U.S.C § 1583. *See* Def. Resp. 3. None of these cases, however, demonstrate that defendants may use 28 U.S.C. § 1583 as the sole basis for bringing any counterclaim, much less a counterclaim to challenge a scope ruling where defendants have otherwise failed to exhaust their administrative remedies. *See* Def. Resp. 6 (conceding that "a protest was not filed under 19 U.S.C. § 1514"). For example, defendants cite to *United States v. ITT Indus., Inc.*, which was the result of the consolidation of two separate actions: (1) the defendant's denied protest action regarding the calculation of antidumping duties; and (2) the Government's penalty action. *See* 343 F. Supp. 2d 1322, 1324 n.2 (2004), *aff'd*, 168 F. App'x 942 (Fed. Cir. 2006); Def. Resp. 3. This Court found jurisdiction over the defendant's claims "predicated on 28 U.S.C. § 1581(a) (1988) and 28

---

[1] To the extent that defendants rely on USCIT Rule 8(a) or 13 for their cause of action, *see* Def. Resp. 6–8, that reliance is similarly misplaced because the "rules governing procedure in the federal courts do not give rise to a private cause of action." *Talley v. PA. Dept. of Corrections*, 791 F. App'x 291, 294 n.1 (3rd Cir. 2019); *cf. Bonneau Co.*, 12 CIT at 248 (acknowledging USCIT R. 8(a) and 13(a) but finding defendant had not asserted "a properly pleaded counterclaim.").

U.S.C. § 1583 (1988)" where it continued to dispute the correct amount of lost antidumping duties and penalties. *ITT Indus., Inc.*, 343 F. Supp. 2d at 1323–24, 1328; *see* 28 U.S.C. § 1581(a) (providing "exclusive jurisdiction of any civil action commenced to contest the denial of a protest"). The defendant in *ITT Indus.*, unlike the defendants here, thus asserted an independent cause of action brought as a 28 U.S.C. § 1583 counterclaim to an enforcement action. *ITT Indus.*, 343 F. Supp. 2d at 1324. Therefore, *ITT Indus.* does not imply that defendants may simply invoke 28 U.S.C. § 1583 to assert any counterclaim irrespective of statutory procedural requirements.

Defendants' other citations are consistent with the principle that a cause of action is required to support a claim, even in the context of cross-claims of intervenors and third-party plaintiffs. *See* Def. Resp. 3. In *United States v. Mecca Exp. Corp.*, 647 F. Supp. 924, 925 (Ct. Int'l Trade 1986), the third-party defendants argued that "this Court lacks jurisdiction since the [cross-]claims of the surety third-party plaintiff sound in contract . . . and do not involve an international trade dispute." The Court, however, recognized that "cross-claims . . . do not require independent grounds of federal jurisdiction" and retained "ancillary or pendant jurisdiction" over the cross-claims. *Id*. at 926. Accordingly, the third-party plaintiff in *Mecca Exp. Corp.* asserted breach of contract action as the basis of its cross-claim; it did not assert 28 U.S.C. § 1583 as the sole basis for its cross-claim. *Id*. at 925. Similarly, in *United States v. Gold Mountain Coffee, Ltd.*, the defendants asserted a 28 U.S.C. § 1583 counterclaim for recoupment "sounding in contract [and] based on the Constitution." 601 F. Supp. 215, 219 (Ct. Int'l Trade 1984). And in *United States v. Nippon Miniature Bearing, Inc.*, the defendants asserted a counterclaim that "Customs exceeded its statutory authority . . . under the Lanham Act" and that its actions were "*ultra vires*." 22 CIT 147, 149 (1998). So while this Court has the power to

5

entertain counterclaims, defendants must have a cause of action or statutory basis to bring their counterclaims. *Second Nature Designs*, 586 F. Supp. 3d at 1338. Because defendants here assert nothing more than 28 U.S.C. § 1583, their counterclaim should be dismissed. *Bonneau Co.*, 12 CIT at 249 ("Where there is no specific Congressional authority for an original action against the government based on the claim, the counterclaim is similarly barred." (citing *United States v. United States Fidelity & Guaranty Co.*, 309 U.S. 506 (1940))).

II.   The Right To A Trial De Novo Does Not Give Defendants A Cause Of Action To Challenge A Scope Ruling

Defendants also rely on this Court's jurisdictional mandate that, in an enforcement action brought by the Government, "all issues, including the amount of the penalty, shall be tried *de novo*." 19 U.S.C. § 1592(e); Def. Resp. 5. On this basis, defendants assert that they are "entitled to establish [whether] the loss of revenue is correct," which includes whether "the merchandise is indeed covered under a valid antidumping order." *See* Def. Resp. 5–6; Def. Resp. 2 ("all issues are tried *de novo*."); Def. Resp. 4 (asserting "the Court's authority to review the matters as *de novo*"). But this circuit's law is clear: "The right to a trial *de novo* . . . does not give a party the right to litigate issues that the party has previously waived by failing to comply with statutory procedural requirements." *United States v. Cherry Hill Textiles, Inc.*, 112 F.3d 1550, 1557 (Fed. Cir. 1997). Otherwise, a defendant could "bypass the protest mechanism in any case in which an underpayment of duties is alleged," and then collaterally challenge the waived issue in the ensuing enforcement action. *Id*. Defendants do not dispute this principle, nor do defendants dispute that they have failed to exhaust their administrative remedies under 19 U.S.C. § 1516a(a)(2)(B)(vi). Def. Resp. 6 (conceding that "a protest was not filed"). Rather, defendants only dispute that they "were required to timely request a scope determination at any time to

6

preserve their rights." Def. Resp. 4.  Defendants' contention, however, is contrary to the well-established requirement to exhaust available administrative remedies.

As we stated in our motion to dismiss, the proper course would have been for defendants to "timely request[] a scope determination . . . and then . . . file[] a challenge in this Court pursuant to 19 U.S.C. § 1516a(a)(2(B)(vi) and 28 U.S.C. § 1581(c)[,]" which provide the statutory basis for asserting a challenge to a scope ruling. *See* Pl. Mot. 7.  The Federal Circuit has described this exact circumstance:

> When an importer disputes Customs' application of an antidumping or countervailing duty order, the proper remedy is for the importer to seek a scope inquiry from Commerce, the result of which may subsequently be challenged before the CIT.  *See* 19 U.S.C. § 1514(b) (stating that Customs' decisions on trade remedy orders are final and conclusive unless the importer files a complaint under 19 U.S.C. § 1516a, the statutory provision providing for challenges to Commerce scope determinations). By filing a complaint with the CIT before obtaining a scope ruling, Sunpreme has circumvented the established administrative procedure for determining the scope of an antidumping or countervailing duty order. Permitting such circumventions would discourage importers from seeking scope rulings and undermine the remedial scheme established by Congress.  *See Nat'l Corn Growers Ass'n v. Baker*, 840 F.2d 1547, 1558 (Fed. Cir. 1988) (holding that where Congress has prescribed a particular track for a claimant to follow, in administrative or judicial proceedings, and particularly when the claim is against the United States, the remedy will be exclusive).

*Sunpreme Inc. v. United States*, 892 F.3d 1186, 1193 (Fed. Cir. 2018).  Simply put, "[w]hen a question arises as to whether certain goods are within the scope of an antidumping duty order, importers should first seek a scope ruling from Commerce." *Id*. (citing *Sandvik Steel Co. v. United States*, 164 F.3d 596, 598–99 (Fed. Cir. 1998)).  Here, defendants clearly dispute the application of the relevant antidumping order.  *See* Def. Resp. 2 ("Defendants' coated fabrics fall outside the scope of the *Order*"); Ans. ¶¶ 13–14, 32–48 (*e.g.*, "Defendants' coated fabric is clearly not designed to [] promote the adherence of artist materials.").  But because defendants are "in fact seeking a decision that [their] products are not subject to the scope of the order[,]"

7

[t]he appropriate remedy for this type of claim is to request a scope ruling from Commerce." *Sunpreme Inc.*, 892 F.3d at 1193.  In failing to do so, defendants "failed to pursue the administrative avenue available to [them] and thereby missed [their] opportunity" to challenge the relevant scope ruling.  *Rimco Inc. v. United States*, 98 F.4th 1046, 1055 (Fed. Cir. 2024) (discussing exhaustion in the context of 28 U.S.C. § 1581(i) jurisdiction); *see also United States v. Great Am. Ins. Co. of New York*, 229 F. Supp. 3d 1306, 1322 (Ct. Int'l Trade 2017) ("Defendant's challenges to liability involve matters that are subsumed by the reliquidation and, thus, could and should have been raised administratively.  Because they were not, Defendant is foreclosed from raising those arguments in this action."); *Cherry Hill Textiles, Inc.*, 112 F.3d at 1557 (finding that the "right to a trial *de novo* . . . [is] subject to the protest requirement of section 1514").

      Moreover, defendants' assertion that "the penalty statute specifically abrogates the administrative procedure requirements that would normally need to be followed in an imported initiated action against the government," Def. Resp. 6, is incorrect — the doctrine of exhaustion applies equally in enforcement actions.  Defendants' assertion is plainly contradicted by cases applying exhaustion requirements to both the Government and defendants in enforcement actions brought under 19 U.S.C. § 1592.  *See, e.g.*, *Cherry Hill Textiles, Inc.*, 112 F.3d at 1557 (discussing the protest requirement of 19 U.S.C. § 1514); *United States v. Nitek Elecs., Inc.*, 806 F.3d 1376, 1381 (Fed. Cir. 2015) (applying the doctrine of exhaustion against the Government).  Nor does defendants' citation to *United States v. Zuber & Co.*, 9 CIT 511 (1985), *see* Def. Resp. 6, support an unrestricted entitlement to challenge the loss of duties or assert a counterclaim in enforcement actions.  In *Zuber & Co.*, the defendant was "banned from instituting an action against Customs concerning the classification and valuation as prescribed by 19 U.S.C. § 1514."

8

9 CIT at 512. The defendant, however, was allowed to assert "solely, as defense against the penalty sought," arguments regarding the correct valuation and classification. *Id*. *Zuber & Co.* therefore does not support defendants' contention that it should be able to now challenge the validity of an antidumping order or assert a counterclaim. *Id*.

Defendants attempt to distinguish the present case, arguing that they "were left without an option to protest both duties and penalties." Def. Resp. 5. But defendants were in fact afforded an opportunity to respond to pre-penalty notices. *See* Compl. ¶ 19, ECF No. 2; Ans. ¶ 19. And exhaustion requirements "merely limit[] the scope of the issues that can be contested." *Cherry Hill Textiles, Inc.*, 112 F.3d at 1557. Defendants may still "protest both duties and penalties" by asserting, for example, challenges to the calculation of antidumping duties or the appropriate amount of penalties. *See, e.g.*, *ITT Indus., Inc.*, 343 F. Supp. 2d at 1333, 1342. Defendants, however, cannot now belatedly raise a challenge to a scope ruling, either as an affirmative defense or counterclaim, when that challenge "could have should have been raised administratively." *Great Am. Ins. Co. of New York*, 229 F. Supp. 3d at 1322.[2] Accordingly, the counterclaim should be dismissed.

III.    Equitable Recoupment Is Not An Available Remedy

Defendants also "seek to invoke the equitable doctrine of recoupment to recover [] overpaid duties" and argue that the counterclaim "similarly should not be dismissed." Def. Resp.

---

[2] Defendants also appear to rely on the United States' stipulation regarding reliquidation in cases where duties have been imposed under the International Emergency Economic Powers Act (IEEPA). *See* Def. Resp. 4–5 (citing *AGS Company Automotive Solutions v. U.S. Customs and Border Protection*, Consol. No. 25-00255, slip op. 25-254 (Dec. 15, 2025)). This stipulation is not relevant outside of the IEEPA context because it relies on this Court's authority under 28 U.S.C. § 1581(i). *See AGS,* Consol. No. 25-00255, ECF No. 29 at 6–7 ("In short, where such jurisdiction has attached, this court has authority to order reliquidation"). Defendants have made no assertion that their counterclaims are cognizable under section 1581(i), nor can they when an alternative remedy could have existed as a scope inquiry and subsequent appeal. *See JCM, Ltd. v. United States*, 210 F.3d 1357, 1359 (Fed. Cir. 2000).

8–12; *see also* Ans. ¶ 48 (seeking "an equitable recoupment of overpayments"). For support, defendants cite various cases where this Court purportedly allowed counterclaims for recoupment of duties. *See* Def. Resp. 3–4 (arguing that "the Court has found Section 1583 jurisdiction in matters involving duty refunds"); *see also* Def. Resp. 8–12. Defendants' arguments, however, fail to consider that "[i]t is settled law . . . that equitable recoupment is unavailable in the case of the recovery of customs duties." *United States v. Aegis Sec. Ins. Co.*, 422 F. Supp. 3d 1328, 1353 (Ct. Int'l Trade 2019) (citing *United States v. Fed. Ins. Co.*, 805 F.2d 1012, 1013, 1014 n.2 (Fed. Cir. 1986)). For this reason alone, defendants' counterclaim for equitable recoupment should be dismissed.

Additionally, recoupment has been well understood to be "in the nature of a defense." *Rothensies v. Electric Storage Battery Co.*, 329 U.S. 296, 299 (1946); *see also Bull v. United States*, 295 U.S. 247, 262 (1935); *United States v. Gold Mountain Coffee, Ltd.*, 601 F. Supp. 215, 217 (Ct. Int'l Trade 1984). Particularly so here, where defendants maintain that they have "overpaid their duties" and are therefore "entitled to recoup[] the amount of their overpayment . . . against any loss of revenue and/or penalties assessed in this matter." Def. Resp. 9; *see also* Def. Resp. 6–7 (asserting an entitlement "to a refund or credit for their overpayments"). But defendant's counterclaim is deficient for two reasons. First, defendants' equitable recoupment counterclaim is predicated on an impermissible collateral attack on a scope ruling that has already been decided by this Court. Def. Resp. 4 (assuming a "favorable finding to Defendants in *Printing Textiles, LLC v. United States*" as the basis for relief); Ans. ¶ 28 (asserting equitable recoupment "[d]ependent on a decision in the *Printing Textiles* case"); *see also* Pl. Mot. 4. Accordingly, defendants' equitable recoupment counterclaim fails for the same reasons discussed above. *See* Sections I and II, *supra*. Second, defendants' equitable recoupment

counterclaim amounts to only a defense against the Government's claim for unpaid duties and penalties because defendants assert no other independent basis for a recoupment action. *See* Resp. 8–12. As this Court has previously recited:

> [a] counterclaim which merely sets forth matters seeking to defeat the plaintiff's claim which are put in issue by the plaintiff's own bill or by the affirmative defenses is not a counterclaim at all. It is merely an attempt to restate affirmatively defensive matter which is already available through the denial of the allegations of the plaintiff's bill and the affirmative defensive matter. . . . which any court is bound to strike from the answer.

*Bonneau Co.*, 12 CIT at 248 (quoting *Hann*, 15 F. Supp. at 377). Here, defendants assert no cause of action or statutory basis for their claimed set-off. *See* Def. Resp. 8 (asserting only that "[d]uring discovery it was confirmed that Defendants had overpaid the government."); *cf. Gold Mountain Coffee, Ltd.*, 601 F. Supp. at 219 (permitting "a recoupment claim sounding in contract or based on the Constitution."). Defendants' equitable recoupment counterclaim is therefore "merely an attempt to restate affirmatively defensive matter which is already available through the denial of the allegations" in the complaint. *Bonneau Co.*, 12 CIT at 248. Being so, defendant's counterclaim should be dismissed. *Id*. at 249 ("Merely incorporating the defenses and denials into the counterclaim without setting forth an independent basis for the action, serves only to restate the controversy, and the court is authorized to strike such a pleading.").

## **CONCLUSION**

For these reasons, and the reasons stated in our motion to dismiss, we respectfully request that the Court dismiss defendants' counterclaims.

    Respectfully submitted,

    BRETT A. SHUMATE
    Assistant Attorney General

    PATRICIA M. McCARTHY
    Director

11

                                        FRANKLIN E. WHITE, JR.
                                      Assistant Director

                                      <u>/s/ Collin T. Mathias</u>
                                      AN HOANG
                                      COLLIN T. MATHIAS
                                      Trial Attorneys
                                      Commercial Litigation Branch
                                      Civil Division
                                      Department of Justice
                                      P.O. Box 480, Ben Franklin Station
                                      Washington, D.C.  20044
                                      (202) 307-0135
                                      Collin.T.Mathias@usdoj.gov

Date:  January 20, 2026                    *Attorneys for Plaintiff*

**CERTIFICATE OF COMPLIANCE**

    I hereby certify that this motion complies with the word limitation in Court of International Trade Standard Chambers Procedures § 2(B)(1), and contains approximately 3,330 words, excluding the parts of the motion exempted from the word limitation. In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the motion.

                                         /s/ Collin T. Mathias