Slip Op. 26-12

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **UNITED STATES,**<br><br>  Plaintiff,<br><br>v.<br><br>**LEXJET, LLC, ABAQA, LLC ET AL.,**<br><br>  Defendants. | Before: Claire R. Kelly, Judge<br><br>Court No. 23-00105 |

## OPINION AND ORDER

[Redesignating Defendants' counterclaims as defenses and denying as moot Plaintiff's motion to dismiss.]

Dated: February 18, 2026

Christopher A. Berridge, Lead Attorney, Collin T. Mathias, Lead Attorney, Ashley Akers, and An Hoang, U.S. Department of Justice Commercial Litigation Branch – Civil Division, of Washington, D.C. for Plaintiff United States.

Kyl John Kirby, Kyl J. Kirby, Attorney and Counselor at Law, P.C. of Fort Worth, TX for Defendants Lexjet, LLC, Abaqa, LLC, S-One Holdings Corporation, S-One Nevada, LLC, Brand Management Group, LLC.

  **Kelly, Judge:** Before the Court is Plaintiff United States' ("Plaintiff") motion to dismiss Defendants Lexjet, LLC, Abaqa, LLC, S-One Holdings Corporation, S-One Nevada, LLC, and Brand Management Group, LLC's ("Defendants") counterclaims. See Pl. Mot. to Dismiss Countercl., Dec. 5, 2025, ECF No. 42 ("Pl. Mot."). Plaintiff commenced this penalty action against Defendants. Summons, May 15, 2023, ECF No. 1; Compl., May 15, 2023, ECF No. 2. ("Compl."). In their Answer, Defendants asserted several counterclaims against Plaintiff. Answer to Pl. Compl., Aug. 19, 2025,

Court No. 23-00105                                                                                                Page 2

ECF No. 30 at 6–9 ("Answer"). Defendants' purported counterclaims do not assert a cause of action upon which relief may be granted, but rather they are arguments against Defendants' liability in the action brought by Plaintiff. These arguments are redesignated as defenses. Plaintiff's motion is denied as moot.

## BACKGROUND[1]

In March 2006, the U.S. Department of Commerce ("Commerce") published a final determination imposing antidumping duties on certain artist canvases from China, including a China-wide duty rate of 264.09 percent ad valorem. Pl. Mot. at 1; Final Determination of Sales at Less Than Fair Value: Certain Artist Canvas from the People's Republic of China, 71 Fed. Reg. 16,116, 16,118 (Mar. 30, 2006) ("AD Order"). Plaintiff alleges that, from on or about May 20, 2014, through on or about November 10, 2017, Defendants caused 167 entries of artist canvases manufactured in China to be entered into the United States. Pl. Mot. at 2. Plaintiff further alleges Defendants declared, or caused to be declared, that the entries were not subject to the AD Order by omitting the AD Order from entry documentation and misclassifying the merchandise. Id. On or about April 14, 2023, U.S. Customs and Border Protection ("Customs") issued pre-penalty notices proposing a monetary penalty of $11,057,866.28. Id. Customs subsequently determined that Defendants violated 19

---

[1] The facts in this background section are drawn from Plaintiff's Complaint, see ECF No. 2, Defendants' Answer and Counterclaims, see ECF No. 30, and Plaintiff's Motion to Dismiss the Counterclaims, see ECF No. 42. For the purpose of this motion, any factual allegations of the non-movant are accepted as true. Wanxiang Am. Corp. v. United States, 12 F.4th 1369, 1373 (Fed. Cir. 2021).

U.S.C. § 1592(a) and issued a penalty notice. Id. On May 15, 2023, Plaintiff commenced this action under 28 U.S.C. § 1582 and 19 U.S.C. § 1592 to recover duties and penalties. See id.; Compl.

In August 2025, Defendants filed their answer and asserted four counterclaims: (1) the AD Order is void for vagueness; (2) Commerce's scope rulings unlawfully expanded the AD Order; (3) Customs failed to consider essential physical characteristics of the entries, including "priming/coating"; and (4) Defendants are entitled to "equitable recoupment of overpayments" totaling $748,491.68. Answer at 6–9. Plaintiff moves to dismiss the counterclaims for lack of subject matter jurisdiction and failure to state a claim. See generally Pl. Mot. Defendants oppose the motion, claiming 28 U.S.C. § 1583 and 19 U.S.C. § 1592(e) authorize the remedies they seek. Def. Resp. to Pl. Mot. to Dismiss Countercl., Dec. 29, 2025, ECF No. 43 at 3–5 ("Def. Resp.").

## JURISDICTION AND STANDARD OF REVIEW

This Court has exclusive jurisdiction over civil actions commenced by the United States to recover customs duties and civil penalties. 28 U.S.C. § 1582 (2018).[2] The Court also has exclusive jurisdiction over "any counterclaim, cross-claim, or third-party action of any party, if (1) such claim or action involves the imported merchandise that is the subject matter of such civil action, or (2) such claim

---

[2] All citations to the United States Code and the Code of Federal Regulations are to the 2018 edition.

or action is to recover upon a bond or customs duties relating to such merchandise." 28 U.S.C. § 1583.

To survive a motion to dismiss under USCIT Rule 12(b)(6), a pleading must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. See USCIT R. 12(b)(6); USCIT R. 8(a). In an action brought under 28 U.S.C. § 1582 to recover a monetary penalty claimed under 19 U.S.C. § 1592, "all issues, including the amount of the penalty, shall be tried de novo." 19 U.S.C. § 1592(e)(1) (2020).

## DISCUSSION

Plaintiff moves to dismiss Defendants' counterclaims for (1) lack of subject matter jurisdiction and (2) failure to state a claim. Pl. Mot. at 2. Defendants' purported counterclaims challenge the applicability of the AD Order to their imports and assert that they have overpaid duties as a result of the AD Order. Answer at 6–9. Defendants' assertions do not plead independent causes of action authorizing affirmative relief; at most, they are properly characterized as defenses.

I. **Defendants' Contentions Regarding the Scope and Application of the Antidumping Order**

    A. **Defendants Fail to State a Cause of Action**

Defendants assert that (1) the AD Order is void for vagueness, Answer ¶ 33; (2) Commerce's scope rulings unlawfully expanded the AD Order, Answer ¶ 40; and (3) Customs failed to consider essential physical characteristics of the entries, including "priming/coating." Answer ¶ 44–45. Defendants use each assertion to

argue that they should not be subject to penalties under 19 U.S.C. § 1592 because their goods fall outside the scope of the AD Order. Answer at 6–9. Plaintiff argues Defendants lack statutory authority to assert these theories as counterclaims. Pl. Mot. at 2.³ Properly construed, Defendants' assertions that the AD Order does not apply to their entries operate as defenses to Plaintiff's penalty action, not as independent claims for relief. Answer at 6–9.

As discussed, to survive a motion to dismiss under Rule 12(b)(6), a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A "claim" requires a cognizable cause of action, i.e., operative facts giving rise to a right to payment or an equitable remedy. Rundgren v. Washington Mut. Bank, FA, 760 F.3d 1056, 1061 (9th Cir.

---

³ Plaintiff also argues Defendants' purported counterclaims should be dismissed for lack of subject matter jurisdiction because, in substance, Defendants seek a scope determination and failed to exhaust administrative remedies. Pl. Mot. at 4–6. Here, however, the Court has subject matter jurisdiction over this enforcement action pursuant to 28 U.S.C. § 1582, and it would have jurisdiction over any counterclaim involving the same merchandise pursuant to 28 U.S.C. § 1583. See 28 U.S.C. § 1583 (granting the Court jurisdiction over "any counterclaim . . . if . . . [it] involves the imported merchandise that is the subject matter of such civil action"); see also USCIT R. 8(a)(1) (requiring a jurisdiction statement unless "the court already has jurisdiction, and the claim needs no new jurisdictional support"). Moreover, exhaustion in the scope context is not jurisdictional because it may be waived under § 2637(d). See 28 U.S.C. § 2637(d) ("the Court of International Trade shall, where appropriate, require the exhaustion of administrative remedies"); see also United States v. Rotek, Inc., 22 C.I.T. 503, 508 (Ct. Int'l Trade 1998) (where an action arises under a statute not specified in 28 U.S.C. § 2637(a)–(c), exhaustion is discretionary rather than jurisdictional).

2014); see also Claim, Black's Law Dictionary 281–82 (9th ed. 2009); Claim, Black's Law Dictionary 247 (6th ed. 1991). Thus, a party seeking affirmative relief must identify a substantive cause of action that authorizes the relief it requests. See e.g., Cyber Power Sys. (USA) Inc. v. United States, 586 F. Supp. 3d 1325, 1330 (Ct. Int'l Trade 2022) (a statute that establishes jurisdiction does not itself create a substantive cause of action).

Congress established a comprehensive statutory scheme governing antidumping duties that specifies the available causes of action and remedies. See, e.g., 19 U.S.C. § 1516a(a)(2)(B)(vi); 19 C.F.R. § 351.225; 19 U.S.C. § 1516a(a)(2)(A); 28 U.S.C. § 1581(c). Indeed, Plaintiff identifies a potential avenue within that scheme that Defendants might have asserted. See Pl. Mot. at 8 (". . . if defendants had timely requested a scope determination at any time, defendants could have raised [the counterclaims] there, and then it could have filed a challenge in this Court pursuant to 19 U.S.C. § 1516a(a)(2)(B)(vi) and 28 U.S.C. § 1581(c) . . ."). Defendants did not pursue a scope ruling. Although § 1583 authorizes the Court to hear counterclaims that otherwise rest on a valid substantive basis, it does not itself supply a cause of action. Cyber Power, 586 F. Supp. 3d at 1333. Nor does § 1592's de novo review provision create a vehicle for affirmative counterclaims for monetary relief against the United States. See Def. Resp. at 5 (citing 19 U.S.C. § 1592(e)(1)). A de novo standard of review is not an independent grant of jurisdiction or a substantive cause of action. Thus, Defendants have not asserted counterclaims challenging the AD

Order, or the applicability of the AD Order to the goods at issue in this case. See Cyber Power, 586 F. Supp. 3d at 1333 (section 1583, alone, does not supply any statutory authority to assert a counterclaim).

### B. Defendants' Arguments Are Defenses

Section 1592 prohibits the entry or introduction of merchandise into United States commerce by means of a materially false statement or omission. 19 U.S.C. § 1592(a). To plead a violation of § 1592, the United States must allege facts showing that a person entered or introduced, or attempted to enter or introduce, merchandise into United States commerce by means of either (i) a material and false statement, document, or act or (ii) a material omission. 19 U.S.C. § 1592(a)(1)(A)(i)–(ii). Where the United States seeks a monetary penalty "based on negligence, the United States shall have the burden of proof to establish the act or omission constituting the violation, and the alleged violator shall have the burden of proof that the act or omission did not occur as a result of negligence." 19 U.S.C. § 1592(e)(3).

Proceedings to recover a monetary penalty under § 1592 are tried de novo. 19 U.S.C. § 1592(e)(1) ("all issues, including the amount of the penalty, shall be tried de novo"). A defendant may seek to defeat the government's claim by asserting defenses as to issues necessary to support the penalty. See id.; see also Black's Law Dictionary, Defense (12th ed. 2024) (defining a defense as "[a] stated reason why the plaintiff . . . has no valid case"). Where a party mislabels a defense as a counterclaim, USCIT Rule 8(d)(2) directs the Court, where justice so requires, to treat the pleading as

Court No. 23-00105 Page 8

though it were properly designated. USCIT R. 8(d)(2); Cyber Power, 586 F. Supp. 3d at 1330; Second Nature Designs, Ltd. v. United States, 586 F. Supp. 3d 1334, 1338 (Ct. Int'l Trade 2022).

Here, Defendants' assertions that the AD Order is void for vagueness, that Commerce impermissibly expanded the scope of the AD Order, and that Customs misapplied the AD Order are, in substance, arguments as to why they should not be penalized. Each contends that no violation under 19 U.S.C. § 1592 occurred because their goods fall outside the scope of the AD Order. These assertions operate as defenses to Plaintiff's enforcement action. Therefore, because Defendants' "counterclaims" present defenses, the Court redesignates them as defenses under USCIT R. 8(d)(2).

## II. Equitable Recoupment is a Defense, Not an Independent Cause of Action

Defendants further assert that "the Court should cause Plaintiff to refund, with interest, payments made by Lexjet, LLC, Abaqa, LLC, and Brand Management Group, LLC of $748,491.68" as equitable recoupment of the alleged overpayment. Answer at 9. Plaintiff responds that Defendants plead no facts supporting that figure or explaining how it constitutes an "overpayment." See Pl. Mot. at 3 n.1. Plaintiff also argues that equitable recoupment is unavailable in this § 1592 enforcement action and therefore cannot support Defendants' request for affirmative monetary relief. See Pl.'s Reply in Supp. of Its Mot. to Dismiss Defs.' Countercl., Jan. 20, 2026, ECF No. 44 ("Pl. Reply") at 9–11.

Recoupment is available only as a defensive offset that reduces or defeats a plaintiff's recovery, where the offset arises from the same transaction as the plaintiff's claim. United States v. Gold Mountain Coffee, Ltd., 601 F. Supp. 215, 217 (Ct. Int'l Trade 1984) ("[r]ecoupment is in the nature of a defense.")  Therefore, Defendants' purported equitable recoupment "counterclaim" is a defense, not a counterclaim, and it is redesignated as a defense.

## CONCLUSION

Defendants' challenges to the AD Order and Customs' application of the AD Order are defenses to Plaintiff's § 1592 enforcement action, not affirmative counterclaims, and are redesignated as defenses under USCIT R. 8(d)(2).  Equitable recoupment may be asserted only as a defensive offset, so Defendants' purported recoupment "counterclaim" is likewise redesignated as a defense.  In accordance with the foregoing, it is

**ORDERED** that Defendants' counterclaims are redesignated as defenses; and it is further

**ORDERED** that Plaintiff's motion to dismiss is DENIED as moot.

                                         /s/ Claire R. Kelly
                                         Claire R. Kelly, Judge

Dated:      February 18, 2026
              New York, New York